UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED CHRISTIAN d/b/a SPARKLE QUALITY CLEANERS AND LAUNDRY, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:14CV00201 AGF |
| COMMERCE BANK N.A., et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On January 2, 2014, Plaintiff *pro se* Fred Christian d/b/a Sparkle Quality Cleaners and Laundry filed this action in the Circuit Court for the City of Saint Louis alleging that Defendants Commerce Bank, N.A. and Jeannine Murphy discriminated against him by denying his application for a small business loan. Plaintiff seeks $100,000 dollars in actual damages and more than $50,000 dollars in punitive damages. The Circuit Court granted Plaintiff *in forma pauperis* status.

On February 4, 2014, Defendants filed a notice of removal to this Court. Plaintiff now seeks leave to proceed *in forma pauperis* in this Court and moves for appointment of counsel, a jury trial, and to compel responses to certain discovery requests. In addition, Plaintiff requests that the Clerk of the Court email copies of all electronic filings to him at his personal email address.

**I. Appointment of Counsel**

The Court first considers Plaintiff's motion for the appointment of counsel. In a

civil matter such as this one, the Court has discretion to appoint an attorney when necessary, but there is no constitutional right to the assistance of counsel in this case. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 906 (8th Cir. 2010); *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000). Among the factors the Court considers in deciding whether to appoint counsel are the factual and legal complexity of the case, the ability of the *pro se* party to present both the facts and his legal claims, and the degree to which the *pro se* party and the Court would benefit from such an appointment. *See Morris*, 217 F.3d at 558-59; *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

Reviewing the record in light of these factors, the Court finds that the legal issues presented by Plaintiff's complaint are not complex and have not changed since Plaintiff initiated this action, without the assistance of counsel, in the Circuit Court. In addition, the Court finds that Plaintiff has adequately presented his claims and requests in the complaint and in his subsequent filings. Therefore, appointment of counsel would not greatly benefit either Plaintiff or the Court. For these reasons, the Court will deny the motion for appointment of counsel without prejudice to refiling in the event that changed circumstances prompt Plaintiff to reassert it.

**II. Jury Demand**

Plaintiff also moves for a jury trial in this action. Apart from asserting that the complaint should be dismissed as frivolous, Defendants have not responded to Plaintiff's request for a jury trial. Having reviewed the complaint, the Court is satisfied that Plaintiff alleges claims for monetary relief entitling him to a jury trial under the Seventh Amendment to the United States Constitution. If, after further development of the record

it should become clear that some or all of the issues presented are not triable to a jury, the Court reserves the right to modify its ruling on this issue in accordance with applicable law.

## III. Leave to Proceed *in forma pauperis*

Turning to Plaintiff's request for *in forma pauperis* status, the Court notes that the primary advantage to proceeding *in forma pauperis* is the waiver of all or part of the filing fee. *See* 28 U.S.C. § 1915 (a) (1). In this case, the Circuit Court granted Plaintiff *in forma pauperis* status and waived the filing fee. Defendants' decision to remove the action to this Court does not obligate Plaintiff to pay an additional filing or other fee. Nevertheless, the Court will consider Plaintiff's motion to proceed *in forma pauperis* here, because other litigation costs may be waived or reduced where such status is granted. *See* 28 U.S.C. § 1915(c).

The disclosures in the February 20, 2014 financial affidavit, (Doc. No. 5), accompanying the motion, indicate that Plaintiff should be permitted to proceed *in forma pauperis* in this Court. Nevertheless, Defendants ask the Court to take notice of allegedly contradictory financial information Plaintiff provided in the loan application that is the subject of his suit and to deny his request to proceed *in forma pauperis*. *See* Doc. Nos. 11-1 & 11-2. Upon review of the affidavit and the loan documents, however, the Court cannot conclude that the loan application refutes the representations made in the affidavit. Plaintiff completed the loan application on July 27, 2013, approximately eight months before he completed the financial affidavit. On the record before it, the Court has no reason to believe that Plaintiff's financial situation has not changed with the passage of

time or that the information in the affidavit does not reflect Plaintiff's current financial situation. If, during the course of this litigation Defendants should discover facts indicating that Plaintiff's claim of indigence is untrue, the Court will revisit the issue on Defendants' motion. *See* 28 U.S.C. § 1915(e)(2)(A).

**IV. <u>The Motions to Compel</u>**

In each of his two motions to compel, Plaintiff seeks to obtain responses to interrogatories and other discovery requests filed in the Circuit Court prior to the removal of this action. Defendants oppose the motions on the ground that the procedural rules applicable in this Court do not require a party to respond to discovery requests propounded in the state court. The Court agrees that in light of the removal to federal court no responses to the discovery requests previously filed in state court are currently due and will deny the motions to compel without prejudice to refiling as necessary. *See* Fed. R. of Civ. P. 26(d)(1).

The parties are required to follow the discovery procedures set forth in the Federal Rules of Civil Procedure. And Plaintiff is reminded that as a *pro se* litigant he is required to abide by those Rules as well as the Local Rules of this District, which can be found on the Court's website. *See United States v. Green*, 691 F.3d 960, 965-66 (8th Cir. 2012) (holding that "the right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law'") (quoting *Faretta v. Calif.*, 422 U.S. 806, 834 n. 46 (1975)). Once the parties have conferred and made the disclosures required under Federal Rule of Civil Procedure 26(d), Plaintiff may seek responses to the earlier-filed discovery requests consistent with the time frames for responses set forth in the Federal

Rules of Civil Procedure, and may refile his motions to compel if Defendants fail to respond.

## V. **Request for Emailed Copies of Electronic Filings**

Finally, the Court grants Plaintiff's request to receive emailed copies of all electronic documents filed in the case and displayed on the Court's Pacer/CMECF electronic filing system. The Court will direct the Clerk of Court to add the email address[1] provided by Plaintiff to the distribution list for electronic filings. Plaintiff is advised that once he is approved for email notification, he will not receive paper copies in the mail of orders entered by the Court or documents filed by Defendants. Plaintiff will receive only the email notifications from the Court's electronic filing system. Plaintiff need not, but may choose to directly access the Pacer/CMECF electronic filing system to view filings; however, to do so he must open a Pacer/CMECF account at his own expense.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel and for trial by jury is **GRANTED in part** and **DENIED in part** as set forth below: (Doc. No. 4.)

a. Plaintiff's motion for appointment of counsel is **DENIED without prejudice**.

b. Plaintiff's motion for jury trial is **GRANTED**, subject to the Court's future

---

[1] The email address Plaintiff provided with his motion, (Doc. No. 14), is not legible. Therefore, the Court will require Plaintiff to refile his email address with the Court.

[2] Instructions for establishing and using a Pacer/CMECF account may be found on the website of the United States District Court for the Eastern District of Missouri at http://www.moed.uscourts.gov.

reconsideration of the issue, as appropriate.

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 6.)

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel are **DENIED without prejudice**. (Doc. Nos. 7 & 8.)

**IT IS FURTHER ORDERED** that Plaintiff's request that the Clerk of Court email all electronically filed documents to him is **GRANTED**. (Doc. No. 14.)

**IT IS FURTHER ORDERED** that, on or before April 25, 2014, Plaintiff shall file his email address with the Court in typewritten or clearly legible handwritten format.

**IT IS FURTHER ORDERED** that upon receipt of Plaintiff's email address, the Clerk of Court shall take all steps necessary to assure that Plaintiff receives emailed copies of all filings in this case.

/s/*Audrey G. Fleissig*

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE

Dated this 18th day of April, 2014.