UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRED CHRISTIAN, d/b/a Sparkle Quality Cleaners and Laundry, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:14CV00201 AGF |
| COMMERCE BANK, N.A., et al. | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, Fred Christian, who is proceeding pro se, brings this action alleging discriminatory denial of a small business loan. Now before the Court is the motion of Defendants Commerce Bank, N. A. and Jeannine Murphy for leave to file their responsive pleading out of time and Plaintiff's objection thereto. For the reasons set forth below, Defendants' motion will be granted.

## I. **Defendants' Motion for Leave to File Responsive Pleading**

Defendants were served with Plaintiff's state court complaint on January 10, 2014. Defendants were therefore required to respond to the complaint within 30 days of service, on or before February 10, 2014, but did not do so. On May 5, 2014, Defendants filed their motion for leave to respond out of time. With respect to their motion, Defendants' counsel asserts that the press of other urgent matters in his practice prevented him from filing a timely responsive pleading and he now seeks leave to file a motion for more

definite statement. Plaintiff opposes Defendants' motion,[1] arguing that Defendants are technically in default and that their actions in this case, including the failure to file a timely responsive pleading, have been dilatory and designed to delay the proceedings.

The Court notes that there is a recognized "'judicial preference for adjudication on the merits.'" *Jones v. Foster*, No. 4:12–CV–136 CAS, 2013 WL 508922, at *1 (E.D. Mo. Feb. 12, 2013) (quoting *Oberstar v. F.D.I.C*, 987 F.2d 494, 504 (8th Cir. 1993)). As a result of this preference, courts consider whether a party promptly responds to a missed deadline or otherwise has acted to defend the case on the merits. *See Hebda v. Lammers*, No. CIV. 12–4050, 2012 WL 3524810, at *1 (D.S.D. Aug. 15, 2012) (citing *Johnson v. Dayton Elec. Manu. Co.*, 140 F.3d 781, 785 (8th Cir. 1998). Where the party has done so, courts frequently hold that the late filing is an oversight rather than an occasion to declare default. *Id.*

Here the record suggests the failure was simply due to oversight. This is not a case where Defendants have failed to appear or take action to defend themselves. This case was removed to federal court by Defendants, and since their removal, Defendants have been active participants in this case, having opposed several of Plaintiff's motions. In addition, the record indicates that Defendants filed their request for leave to respond out of time before Plaintiff made any motion in this regard. Thus the Court cannot agree that Defendants' failure to timely respond is part of an overall strategy of delay. *See Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1332 (8th Cir. 1988) (holding that only a

---

[1] The Court notes that Plaintiff's opposition to Defendants' motion was itself not timely filed, as the certificate of service is dated May 19, and the envelope indicates its mailing to the Court on May 21, 2014.

"clear record of delay or contumacious conduct" warrants a refusal to permit a party to respond and the entry of default).

Finally, given the progress of the case, the Court cannot find and Plaintiff does not assert that he has been prejudiced by the minimal delay at issue here. Little has transpired in this case, other than preliminary motions, some of which related to discovery requests Plaintiff served in state court and Plaintiff's notice of appeal of this Court's Order on those motions. The Rule 16 Conference is not scheduled until June 10, 2014. In the absence of prejudice, to deny Defendants leave to file and declare a default would be to ignore the judicial preference for resolution on the merits and to permit the outcome of this matter to hinge upon a technicality rather than substance. *See, e.g.*, *United States v. Harre*, 983 F.2d 128, 129-30 (8th Cir. 1993) (holding that a district court abused its discretion by entering a default judgment "for a marginal failure to comply with the time requirements").

Therefore, in consideration of the Defendants' showing of excusable neglect, the Court's preference for the resolution of cases on their merits, and the absence of prejudice to Plaintiff, the Court will permit Defendants to file their responsive pleading out of time.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for leave to file their responsive pleading out of time is **GRANTED**. (Doc. No. 20.) The Clerk of the Court is

---

[2] To the extent that Plaintiff's objection to Defendants' request for leave may be construed as a motion for entry of default that motion is implicitly denied. *See* Doc. No. 29.

directed to detach the proposed responsive pleading, Doc. No. 20-1, and file it herein as Defendants' motion for a more definite statement.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2014.