UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRED CHRISTIAN, d/b/a Sparkle Quality Cleaners and Laundry, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:14CV00201 AGF |
| COMMERCE BANK, N.A., et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Fred Christian, proceeding *pro se*, brings this action alleging discriminatory denial of a business loan. Now before the Court are Plaintiff's motions for "exemption from pacer fees and to receive e-mail filings" and to proceed *in forma pauperis* on appeal.

The Court addressed the issue raised in Plaintiff's motion for "exemption from pacer fees and to receive e-mail filings," in its April 18, 2014 Order and has been sending all filings to the e-mail address provided by Plaintiff. In addition, Plaintiff receives up to $15.00 per month in pacer fees without payment. To the extent that Plaintiff now seeks relief on appeal from the rules and practices of the Eighth Circuit Court of Appeals with respect to this issue, the Court lacks authority to exempt Plaintiff from the operation of those rules and practices. *See* Doc. No. 24; *see also* www.ca8.uscourts.gov/filing without an attorney (informing *pro se* parties of the policies related to use of the Eighth Circuit's Case Management/Electronic Case Filing (CM/ECF) system).

Turning to Plaintiff's motion for leave to proceed *in forma pauperis* on appeal, the record indicates that on May 5, 2014, Plaintiff filed a notice of appeal from the Court's April 18, 2014 Order. In that Order the Court granted Plaintiff's motions for jury trial, to proceed *in forma pauperis,* and for e-mail delivery of the filings in the case. In addition, the Court denied without prejudice Plaintiff's motions for appointment of counsel and to compel discovery responses.

In ruling on a motion for leave to proceed *in forma pauperis* on appeal, the district court considers not only the financial information presented but also whether the appeal is taken in good faith. *See* 28 U.S.C. 1915(a)(3) (stating that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). Here the primary consideration with respect to the good faith nature of this appeal is whether it is taken from a final, appealable order as defined in 28 U.S.C. §§ 1291 & 1292(a) and refined by the collateral order doctrine as set forth in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, (1949).

It is unclear which of the rulings in the April 18, 2014 Order Plaintiff intends to appeal, but in this Circuit it appears that the portion of the Order denying the motion for appointment of counsel is immediately appealable. *See Ward v. Smith,* 721 F.3d 940, 942 (8th Cir. 2013) (noting that the denial of a motion for appointment of counsel is immediately appealable in a case alleging civil rights violations); *Slaughter v. City of Maplewood*, 731 F.2d 587, 588-89 (8th Cir. 1984) (same with respect to claims under Title VII). Therefore, the Court finds no impediment to the appeal or reason to question that it is taken in good faith.

In addition, the Court has reviewed the financial affidavit submitted in support of Plaintiff's motion and finds that his level of income qualifies him to proceed *in forma pauperis* on appeal. *See* Doc. No. 28.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for "exemption from pacer fees and to receive e-mail filings" is **DENIED**. (Doc. No. 25.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* on appeal is **GRANTED**. (Doc. No. 27.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2014.