UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED CHRISTIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-00201-AGF |
| | ) |
| COMMERCE BANK N.A., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Fred Christian filed this action pro se under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 et seq., against Defendant Commerce Bank ("the bank") and two of its employees, Defendants Jeannine Murphy and Mary Bailey (collectively, "Defendants"). Now before the Court is Defendants' motion to dismiss Plaintiff's amended complaint for failure to state a claim. For the following reasons, the motion shall be granted.

**BACKGROUND**

Plaintiff, an African American male, alleges that he applied for a loan from the bank on November 15, 2012. Per Plaintiff, the loan application was reviewed by Defendant Murphy, a branch manager at the bank, and on January 5, 2013, Murphy denied the loan. Plaintiff thereafter discovered and corrected certain errors in his credit report, improving his credit score to "well above the standards and requirements for the loan applied for." (Doc. No. 52 at 3.) Accordingly, Plaintiff re-submitted his loan application, along with the corrected credit report, on February 20, 2014. Plaintiff alleges

that Murphy again denied the loan, "stating that the collateral requirements were not adequate even though the value of the collateral offered was well in excess of the amount of the applied for loan." (*Id.*)

Plaintiff asserts a cause of action for discrimination on the basis of race, in violation of the ECOA. Plaintiff further alleges that the bank engages in "red-lining," which Plaintiff defines as a "pattern and practice of racial exclusion[] against racial minorities that live in certain geographi[cal] areas[.]" (*Id.* at 3-4.) Plaintiff does not plead any further facts in support of his red-lining claim.

Defendants filed their motion to dismiss on July 23, 2014.[1] Defendants assert that Plaintiff's allegations are merely conclusory and fail adequately to plead the elements of an ECOA claim, namely, that Plaintiff qualified for the loan, that the denial of the loan was racially motivated, or that the bank approved loans of applicants with similar qualifications. Defendants also argue that Plaintiff cannot state a claim against Defendants Murphy or Bailey in their individual capacities.

In response to Defendants' motion, Plaintiff states that he has sufficiently pled a claim for discrimination against the bank, but Plaintiff requests that the Court "dismiss

---

[1] Defendants previously filed a motion for a more definite statement, directed to Plaintiff's original complaint. (Doc. No. 33.) Contrary to Defendants' assertions, the Court did not grant or otherwise rule on that motion. Rather, the on June 23, 2014, the Court granted Plaintiff's request for additional time to respond to Defendants' motion for a more definite statement, by filing either an opposition brief or an amended complaint. (Doc. No. 45.) Plaintiff filed an amended complaint (Doc. No. 52), which Defendants have now moved to dismiss. Defendants' motion for a more definite statement therefore remains pending, and the Court will now deny that motion as moot.

2

Defendants[] Jeannine Murphy and Mary Bailey in their individual capacities only."
(Doc. No. 77 at 3.)

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, Plaintiff's allegations "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678. However, a "pro se complaint must be liberally construed," meaning that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).

The ECOA makes it unlawful for "any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color,

3

religion, national origin, sex or marital status, or age[.]"  15 U.S.C. § 1691(a)(1).  To establish a prima facie claim for discrimination under the ECOA, a plaintiff must demonstrate that (1) he was a member of a protected class, (2) he applied for and was qualified for a loan, (3) the loan was rejected despite his qualifications, and (4) the bank continued to approve loans for applicants with similar qualifications.  *Rowe v. Union Planters Bank*, 289 F.3d 533, 535 (8th Cir. 2002).

As an initial matter, the Court finds that a fair reading of Plaintiff's amended complaint reveals two separate theories of recovery:  first, that Defendants discriminated individually against Plaintiff by denying his loan application on the basis of race, and second, that Defendants denied Plaintiff's loan application because of the bank's practice of "red-lining" Plaintiff's neighborhood.  "Red-lining" refers to "discrimination based on the characteristics of the neighborhood surrounding the would-be borrower's dwelling." *Thomas v. First Fed. Savs. Bank of Ind.*, 653 F. Supp. 1330, 1337 (N.D. Ind. 1987) (internal citation omitted).

Regarding Plaintiff's claim for individual discrimination, the Court finds that Plaintiff has adequately alleged facts in support of the first three elements of his prima facie claim, but not the last.  Defendants do not dispute that Plaintiff is a member of a protected class.  And in support of the second and third elements, Plaintiff alleges that his credit score and collateral qualified him for the loan, but that his loan application was nonetheless rejected.  However, Plaintiff pleads no facts in support of the fourth element, that the bank continued to approve loans for applicants with qualifications similar to those of Plaintiff.  Therefore, the Court will dismiss Plaintiff's claim for individual discrimination under the

ECOA, but the Court will grant Plaintiff leave to amend his complaint to add facts in support of an allegation that the bank continued to approve loans for similarly qualified applicants.

Regarding Plaintiff's claim for red-lining, Plaintiff has not pleaded any facts in support of his conclusory allegation that the bank engages in a practice of red-lining. The amended complaint does not even discuss the denial of any loan other than Plaintiff's. For this reason, in a previous Order denying Plaintiff's motion for appointment of counsel, the Court advised Plaintiff that under Federal Rule of Civil Procedure 11(b), Plaintiff's allegations must have sufficient legal and factual bases, and thus far, Plaintiff had provided little basis for his allegation of red-lining. (Doc. No. 55 at 1.) Plaintiff thereafter submitted a "memorandum" to the Court stating that his red-lining claim was supported by the fact that he asked Defendant Murphy "how many business loan[s] were made in zip code 63113" (Plaintiff's zip code), and Murphy responded "none." (Doc. No. 56.) Taken as true, this statement, which is the only factual support offered by Plaintiff, does not support a claim for red-lining. Plaintiff does not allege any facts demonstrating, for example, the number of people who applied for and were qualified for loans in his zip code or any other, and Plaintiff offers no factual basis to support an inference that the bank, as a matter of practice, denied such loans for discriminatory reasons. The Court will therefore dismiss Plaintiff's red-lining claim.

Finally, as requested by Plaintiff, the Court will dismiss Plaintiff's claims against Defendants Murphy and Bailey in their individual capacities.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. No. 50) is **GRANTED as follows**:

1. Plaintiff's claim for individual discrimination against Defendant Commerce Bank is **DISMISSED without prejudice**. Plaintiff shall have until **November 21, 2014**, to amend his complaint to properly state a claim against the bank for individual discrimination under the ECOA.

2. Plaintiff's claim for red-lining, and Plaintiff's claims against Defendants Murphy and Bailey in their individual capacities, are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendants' motion for a more definite statement (Doc. No. 33), which was directed to Plaintiff's original complaint, is **DENIED as moot**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014